**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

DENNIS CHASTAIN, et al.,     )
                               )
      Plaintiffs,          )
                               )
vs.                      )    Case No. CIV-04-281-F
                               )
AT&T,                 )
                               )
      Defendant.     )

## <u>ORDER</u>

Two related motions are before the court:  plaintiffs' motion seeking review of the clerk's taxation of $4,059.35 in costs against the plaintiffs (doc. no. 153), and defendant's motion for sanctions which asks the court to impose payment of $1,500.00 on plaintiffs' counsel based on plaintiffs' briefing and argument regarding taxation of costs.

### I.  <u>Plaintiffs' Motion to Review Costs Taxed</u>

AT&T is the prevailing party in this action.  The clerk taxed costs in favor of AT&T and against plaintiffs, in the amount of $4,059.35.  This amount covered AT&T's transcript costs associated with seven depositions.  As reflected by the declaration attached to AT&T's bill of costs (doc. no. 141, ex. 2), four of the depositions were for AT&T's examination of the named plaintiffs and cost a total of $1,863.97.  The other three depositions were plaintiffs' examination of former AT&T and ASA employees; these depositions caused AT&T to incur a cost of $2,195.38 for transcript copies.   AT&T sought no compensation for any other costs incurred.

 Rule 54(d), Fed. R. Civ. P., provides that costs "should be allowed to the prevailing party."  Allowance or disallowance of costs to a prevailing party is a matter left to the sound discretion of the district court.  <u>Zeran v. Diamond Broadcasting, Inc.</u>,

203 F.3d 714, 721-22 (10th Cir. 2000).  Costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under 28 U.S.C. § 1920.  Callicrate v. Farmland Industries, Inc., 139 F.3d 1336, 1339 (10th Cir. 1998) (costs of taking and transcribing depositions imposed on plaintiff despite arguments that depositions were not necessary).

This action was a complicated ERISA action and plaintiffs' theories of recovery evolved over the several years that the case was pending in this court.  Based on its knowledge of the manner in which this case proceeded, it is clear to the court that AT&T needed to examine the named plaintiffs in order to understand their positions and to discover the substance of their factual testimony in support of the claims they alleged, and ultimately chose to press, in this action.  It is also clear that AT&T needed copies of the other depositions, which were taken by the plaintiffs.  Although plaintiffs argue the transcripts were not necessary to the outcome of the case, they admit: "Yes, the transcripts were included by AT&T in its motion for summary judgment." (Doc. no. 153, p. 5.)  The court has no trouble finding that the transcripts were necessary.

In addition to their argument that the costs taxed by the clerk were not necessary, plaintiffs make several other arguments in support of their position that the costs in question should not be taxed against them.  Plaintiffs assert their modest means (but make no claim of indigence), their relative worth compared to the wealth of AT&T, the basis for the court's ruling in favor of AT&T, and various public policy-type arguments.  Such arguments, at least in the circumstances of this case, carry little weight. *See, generally*, Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1204 (10th Cir. 2000) (deposition costs imposed on plaintiff despite arguments that it was "unfair" to do so in a civil rights case and that the depositions were unnecessary for trial).  Plaintiffs also argue that costs should be shifted here under

Rule 26(b)2, Fed. R. Civ. P.  That rule, however, addresses a court's ability to limit further discovery, and does not apply.  In short, the court finds none of plaintiffs' arguments persuasive.

After careful consideration,  plaintiffs' motion for review of the costs taxed by the clerk is **GRANTED** to the limited extent that the motion seeks review of the clerk's action; having conducted that review, all other relief requested is **DENIED**. Costs remain as taxed by the clerk.

## II.  Defendant's Motion for Sanctions

The court has carefully considered AT&T's motion for sanctions.  In the exercise of its discretion, the court determines that sanctions are not appropriate in these circumstances.  AT&T's motion for sanctions is **DENIED**.

Dated this 10th day of April, 2008.

_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0281p027(pub).wpd